**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **vs.** | * | **CRIMINAL NO.: 11-0012-KD** |
| | * | |
| **LEROY WATERS,** | * | |
| | * | |
| **Defendant.** | * | |

## ORDER

This matter is before the court on consideration of the joint request by counsel for the Defendant, Christ Coumanis, Esquire and AUSA Christopher Bodnar that the trial of this action be continued into the May 2011 criminal term.[1]

Upon consideration of the grounds presented and the Court's record, the Court finds that neither the defendant nor the United States will be unduly prejudiced by a continuance of this trial into the May 2011 criminal term; therefore, the defendant's motion is **GRANTED** and the trial is **CONTINUED.** The trial will be rescheduled for **May, 2011,** with jury selection rescheduled for **May 2, 2011**.

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial." There are two primary reasons for this decision.

First, the charges against Mr. Waters are that on December 5, 2008, he made five separate false entries in documents filed in a bankruptcy proceeding. He was arraigned on these charges on February 16, 2011 and this is his first request for a continuance.

---
[1] The joint motion for a continuance was presented orally during the pretrial conference held on March 15, 2011.

Second, these charges are believed to spring from a much larger conspiracy, according to Mr. Bodnar, and he anticipates a new indictment during the last week in March that will implicate this defendant in new charges and will require the disclosure of a new round of discovery. The defendant and his attorney have been made aware of this possibility and Mr. Coumanis also believes that a new indictment is inevitable.

Counsels' valid reasons for an extension of the pretrial preparation period in order to consider a reasonable settlement of the charges or to otherwise prepare for trial justify the continuance that they seek. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

Defendant shall file a personal waiver of his Speedy Trial rights that will cover the period from March 15, 2011 to the trial setting for the May 2011 criminal term not later than **March 28, 2011**. The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 16th day of March, 2011.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**