IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Criminal No. 11-00012-KD |
| | * |
| LORI SKOWRONSKI BRILL, | * |
| BUTCH BRILL, | * |
| RAYFORD TRAVIS GOODWIN, | * |
| ANTHONY ERIC MOSLEY, | * |
| JAMES ANTHONY GOINS, | * |
| CHRIS VERNON, JEFF VERNON, | * |
| and LEROY WATERS | * |

## PROTECTIVE ORDER

This matter is before the Court upon Joint Motion for Protective Order submitted by the United States of America and counsel for defendants Lori Skowronski Brill, Butch Brill, Rayford Travis Goodwin, Anthony Eric Mosley, James Anthony Goins, Chris Vernon, Jeff Vernon, and Leroy Waters specifically addressing the production of discovery and the need to protect the privacy of individuals, including their personal and protected health information. After due consideration, the Joint Motion for Protective Order is **GRANTED** and the parties to this action are hereby **ORDERED** as follows:

1. The United States shall provide discovery to the defendants, in accordance with FED.R.CRIM.P. 16. Based on representations made by the parties in the Joint Motion for Protective Order, some of the discovery documents may be subject to the Privacy Act, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations at 45 C.F.R. §§ 164.102-164.534, the Social Security Act, 42 U.S.C. § 1306, and/or to this Court's Standing Order No. 30 (In re: Implementation of Requirements of the E-Government Act of 2002).

DOCSBHM\1780710\3

2. The United States shall produce these documents to the defendants unredacted. Based on representations made by the parties in the Joint Motion for Protective Order, some of these documents include personal identifying information (such as names, addresses, social security numbers, and dates of birth), financial information, protected health information and tax information. For purposes of this Protective Order, these documents shall be referred to as "protected discovery."

3. The defendants and/or their counsel may gather or have produced to them from persons or entities other than the United States records which may include the personal and protected health information of patients ("third party production"). Documents produced to these defendants or their counsel from third parties, which contain protected health information shall also be considered protected discovery.

4. In order to limit the dissemination of the above-described protected discovery, the parties are ORDERED to adhere to the following:

    A. Only defense counsel, counsels' staff, defendants' experts, and defendants shall have access to the protected discovery. Prior to allowing these persons access to the protected discovery, defense counsel will advise each person of the limitations on use and disclosure of discovery as dictated by this joint motion and subsequent Protective Order, and will provide each such person with a copy of this Protective Order.

    B. The protected discovery will be used and disclosed solely for purposes of preparing defendants' defenses in this case.

C. Any protected discovery in this case will be stored at defense counsels' offices or the office of a defense expert who, as noted, shall be subject to the same disclosure limitations.

D. Any notes, memoranda, summaries or other documents reflecting the protected discovery or copies made of the protected discovery will also be stored at defense counsels' offices or at a defense expert's office, and will be considered protected discovery.

E. Any document filed with the Court, including any attachment, which contains protected discovery, or a description or reproduction thereof, will be filed in redacted form or under seal pursuant to this Court's Standing Order No. 30.

F. The procedure for use of protected discovery during any hearing or trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

G. Within 90 days of the final conclusion of this matter, defendant shall return the protected discovery produced by the United States and all copies to counsel for the United States. As to protected health information obtained or derived from the third party production, both parties shall destroy or return to the person or entity that provided the third party production any such information (including all copies made) in their possession or the possession of their agents or subcontractors in accordance with 45 C.F.R. § 164.512(e)(1)(v).

5. The Court shall retain jurisdiction to modify the Protective Order, upon motion by any party. Until the Court rules on any such motion, no disclosure of protected discovery shall be made except in compliance with the Protective Order.

6. The Protective Order shall survive the termination of this action.

7. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any regulatory or law enforcement agency, or agency or department of the United States, or any division of any such agency or department, protected discovery documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such protected discovery by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that (1) the agency shall maintain the confidentiality of the protected discovery consistent with the terms of this Protective Order, and (2) in accordance with 45 C.F.R. § 164.512(e)(1)(v), the United States shall not use or disclose any protected health information obtained or derived from any third party production other than for purposes of this case. A copy of the Protective Order will be provided to said regulatory agency, law enforcement agency, or any division, agency or department of the United States, to insure compliance therewith in connection with disclosure of protected discovery documents.

DONE AND ORDERED this the 25th day of May, 2011.

~~Katherine~~ SONJA F. BIVINS
United States Magistrate Judge