IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 11-0012-KD |
| LEROY WATERS, LORI SKOWRONSKI BRILL, BUTCH BRILL, RAYFORD TRAVIS GOODWIN, ANTHONY ERIC MOSLEY, JAMES ANTHONY GOINS, CHRIS VERNON and JEFF VERNON | : : : : | |

## ORDER

This matter came on for a status conference before the undersigned on June 29, 2011. (*See* Doc. 170.) During the course of the status conference, the undersigned agreed to render an expedited decision regarding continuing this case (*see id.*), pursuant to the renewed motion to continue trial filed by defendant Chris Vernon (Doc. 163), to which all defendants are in apparent agreement (*see* Docs. 193-195), once the parties provided the undersigned with "a joint motion setting forth a proposed schedule for trial." (Doc. 170, at 1-2.) Although the undersigned did not receive the anticipated joint motion, the Court is now in receipt of the respective positions of the parties regarding pretrial deadlines and an appropriate trial date (*see* Docs. 192-195) and, therefore, enters this order continuing the trial of this cause to the **January 2012** criminal trial term and otherwise setting a schedule for filing certain pleadings as will be explained in detail

1

hereinafter.

Upon consideration of the grounds presented in the written motion for continuance filed by defendant Chris Vernon (Doc. 163), as well as in this defendant's motion for entry of scheduling order (Doc. 193), and the Court's record, the undersigned finds that neither the United States nor any of the defendants will be unduly prejudiced by a continuance into the January 2012 criminal term; therefore, the written motion to continue trial filed by Chris Vernon (Doc. 163) is **GRANTED** and the trial is **CONTINUED** to the **January 2012** criminal trial term.[1]

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." The defendants are charged in a complex 23-count indictment, all with some type of conspiracy—either conspiracy to commit healthcare fraud or conspiracy to violate anti-kickback statutes (*see* Doc. 15)—and the Government has already produced hundreds of thousands of pages of discovery to the defendants which purport to evidence such conspiracies, as well as underlying violations (*see* Doc. 163, at ¶ 8 ("Even after disclosing over 200,000 pages of documents, the government's disclosures are not yet complete.")). Counsel for defendants have not had sufficient time to become familiar with the voluminous and complex discovery materials to enable

---

[1] This continuance is more lengthy than most and has been granted to allow sufficient time for the parties to prepare for trial. It is the undersigned's opinion that this length of time is sufficient and barring extraordinary circumstances presents the parties with a firm trial date. Any additional requests for a continuance must contain a detailed explanation of the reasons why the parties were unable to complete the pretrial preparations within the time granted herein.

them to try this case in the September 2011 criminal term or determine a reasonable settlement of the charges. Thus, counsel for defendant Chris Vernon has proffered, in writing, valid reasons for the extension of the pretrial preparation period in order to determined a reasonable settlement of the charges or to otherwise prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."). "'[I]n a multi-defendant case, time excluded due to one defendant results in excludable days for his codefendants.'" *United States v. Doe*, 216 Fed.Appx. 874, 877 (11th Cir. Feb. 6, 2007), quoting *United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996); *see also United States v. Darby*, 744 F.2d 1508, 1517 (11th Cir. 1984) ("[T]he rule in this Circuit is that the delay caused by one defendant is excludable as to his codefendants.").[2]

All defendants shall file waivers of their Speedy Trial rights not later than **August 1, 2011**. The Clerk of Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference. However, with respect to all

---

[2]　In light of the continuation of the trial of this cause into the January 2012 criminal term, defendant Rayford Goodwin's request for presence at the August 9, 2011 pretrial conference (Doc. 184) is **MOOT**.

3

other scheduling,[3] the undersigned sets anew certain deadlines. While certain deadlines set forth hereinafter are "moved up" in acknowledgement of the fact that this is a complex criminal case, the undersigned does not adopt the defendants' timeline in general nor with respect to certain specifics simply because this case is not a civil case. Instead, only those deadlines set forth hereinafter will deviate from the standard practice in this district. All other specific deadlines requested by the defendants (*see* Doc. 193, at 4-5) are **REJECTED;** the parties should simply follow the standard practice in this district with respect to the filing of jury instructions, jury questions, motions in limine, and exhibit and witness lists (and objections), as noted by the Government (*see* Doc. 192).

    1.    <u>DISCOVERY</u>. Disclosures by the defendants, as required by SD ALA LR 16.13(b)(4), are to be accomplished no later than **September 15, 2011**.

    2.    <u>JENCKS ACT STATEMENTS</u>. The Government is to provide defense counsel with all Jencks Act statements not later than **fourteen (14) days** prior to jury selection, that is, on or before **December 20, 2011**.

    3.    <u>EXPERT REPORTS</u>. A written summary of any testimony that any of the defendants or the Government intend to be utilized under Rules 702, 703, or 705 of the Federal Rules of Evidence should be disclosed not later than **December 2, 2011**.[4]

---

[3] Defendant Chris Vernon's motion for entry of scheduling order (Doc. 193) is **GRANTED** as are the joinders of defendants Jeff Vernon (Doc. 194) and Tony Eric Mosley (Doc. 195).

[4] In light of this ruling, the undersigned finds **MOOT** the following motions: (1) Jeff Vernon's motion to compel government disclosure of expert witness information (Doc. 132); and (2) Chris Vernon's motion to compel government disclosure of expert witness information

*Compare* Fed.R.Crim.P. 16(a)(1)(G) ("At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.") *with* Fed.R.Crim.P. 16(b)(1)(C)(i) ("The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies[.]"); *see United States v. Hamaker*, 455 F.3d 1316, 1330-1332 (11th Cir. 2006) (describing the Government's responsibilities under Rule 16(a)(1)(G)).

    4.    <u>PRETRIAL MOTIONS</u>. All pretrial motions under Rule 12(b) of the Federal Rules of Criminal Procedure,[5] and all notices or demands under Fed.Rs.Crim.P. 12.1, 12.2, and 12.3, as well as SD ALA LR 16.12 (entrapment),[6] must be filed not later than **September 26, 2011**.[7]

---

(Doc. 141).

[5]    Chris Vernon's motion for bill of particulars identifying unindicted co-conspirators (Doc. 160), as well as all other motions by co-defendants joining in same (Docs. 162 & 186), are found **MOOT** in light of the Government's response (Doc. 179).

[6]    Because the Government cites to no authority requiring it, the undersigned **DECLINES** to compel the defendants to make a pre-trial disclosure, on or before **September 26, 2011**, of whether they intend to assert an advice of counsel defense at trial (*see* Doc. 144). Thus, Jeff Vernon's motion for joinder in Chris Vernon's opposition to the Government's motion to compel (Doc. 180) is **MOOT,** as is Leroy Waters' motion to adopt (Doc. 188) and that portion of Chris Vernon's motion dated June 24, 2011 directed to the advice of counsel defense (Doc. 159).

[7]    The appropriate Magistrate Judge will set the submission date for pretrial motions by

5. <u>RULE 404(b) EVIDENCE</u>. Local Rule 16.13(b)(1)(H) requires the Government to "advise the defendant[s] of its intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence." *Id*. Rule 404(b) of the Federal Rules of Evidence, in turn, provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." *Id*. The construction of Rule 404(b)'s reasonable notice requirement was a question of first impression for the Eleventh Circuit in *United States v. Perez-Tosta*, 36 F.3d 1552, 1560-1561 (11th Cir. 1994), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995). The Eleventh Circuit noted that the policy behind 404(b) is "'to reduce surprise and promote early resolution on the issue of admissibility.'" *Id*. at 1561 (citation omitted). Because "[t]he rule imposes no specific time limits beyond requiring reasonable pretrial notice, and the Committee notes explain that 'what constitutes a reasonable . . . disclosure will depend largely on the circumstances of each case[,]'" *id*. (citation omitted), courts must necessarily fill the gap regarding what circumstances are relevant, *see id.* at 1561-1562. Ultimately, the Eleventh Circuit found the following three factors are to be considered in determining the reasonableness of pretrial notice under 404(b): "(1) [w]hen the Government, through timely preparation for trial, could have learned of the availability of the [evidence]; (2) [t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) [h]ow significant the evidence is to the

---

separate order.

prosecution's case." *Id*. at 1562. In *Perez-Tosta*, the court determined that the district court did not abuse its discretion in finding that the government's notice of intent to use Rule 404(b) evidence, provided immediately before *voir dire*[8] and six days before presentation of the evidence, was reasonable. *Id.* at 1560 & 1562-1563; *compare id. with United States v. Barber*, 147 Fed.Appx. 941, 943 & 944 (11th Cir. 2005) (notice by the Government of its intent to use 404(b) evidence three weeks "or so" prior to trial was "ample" notice), *cert. denied*, 547 U.S. 1180, 126 S.Ct. 2352, 165 L.Ed.2d 281 (2006). In light of the foregoing, the undersigned finds that the **latest date** by which the Government should disclose 404(b) evidence it already knows about and intends to use at trial is **December 2, 2011**.[9]

**DONE** and **ORDERED** this the 19th day of July, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[8] In *Perez-Tosta*, the prosecutor did not know of the potential 404(b) testimony until Friday, May 22, 1992 and gave notice to defense counsel the next business day, Tuesday May 26, 1992—May 25, 1992 being Memorial Day. *Id*. at 1560. "Because the prosecutor did not plan to call the witnesses until June 1, the [district] court found that the defense had in fact had six days' notice." *Id*.

[9] In light of this ruling, the undersigned finds **MOOT** the following motions: (1) Chris Vernon's motion to compel identification of Rule 404(b) evidence (Doc. 139); (2) Jeff Vernon's joint motion to compel identification of Rule 404(b) evidence (Doc. 140); and (3) Leroy Waters' motion to adopt motion for Rule 404(b) evidence (Doc. 143).

The undersigned also finds **MOOT** defendant James Goins' pretrial motions (Doc. 176), save with respect to his motion to strike prejudicial surplusage language (*id.* at ¶ 3). This issue is before Judge DuBose for a ruling.